

# In the United States Court of Federal Claims

No. 15-353C
(Filed: July 29, 2016)
NOT FOR PUBLICATION

**FILED**

**JUL 29 2016**

**U.S. COURT OF FEDERAL CLAIMS**

* * * * * * * * * * * * * * * * * * *

KIBBIE P. PILLETTE,

    *Plaintiff,*

v.

THE UNITED STATES,

    *Defendant.*

* * * * * * * * * * * * * * * * * * * *

Military pay; Disability retirement; Army Board for Correction of Military Records ("ABCMR"); Medical Evaluation Board ("MEB"); Physical Evaluation Board ("PEB").

## OPINION

Plaintiff seeks review of a decision by the Army Board for Correction of Military Records ("ABCMR") not to correct his record to reflect a medical retirement. He seeks an order directing the Army to place him on the Permanent Disability Retirement List and argues that he is entitled to the retirement benefits that he would have received had he been given a disability retirement. Defendant's earlier motion to dismiss was denied. The parties have now submitted cross-motions for judgment on the administrative record pursuant to Rule 52.1. Based on the administrative record, we find that the decision of the ABCMR was not arbitrary, capricious, or in violation of any applicable statute or law.

## BACKGROUND

Kibbie Pillete was shot in the jaw in Vietnam on November 12, 1965, and was awarded the Purple Heart for his injuries. He was treated in various military hospitals for the next 10 months, eventually ending up at Fort Sam Houston in Texas. His term of enlisted service expired on June 7, 1966, but he

was retained past that date to continue receiving treatment for his injuries. On July 22, 1966, plaintiff signed an affidavit confirming his desire to be retained on active duty beyond the scheduled date of the expiration of his enlistment period. Administrative Record ("AR") 289.

On September 8, 1966, the Army convened a Medical Evaluation Board ("MEB") to decide whether plaintiff was fit for active duty. The MEB concluded that Mr. Pillette was fit for retention in the army with a permanent limitation due to a speech impediment. The board recommended a normal discharge, however, because his term of enlistment had expired. AR 285. The MEB's decision also stated that Mr. Pillete desired to be discharged, but it is not clear on what that statement was based. On September 22, 1966, he was honorably discharged and transferred to the active reserve.

Immediately thereafter, Mr. Pillette sought treatment at the Veteran's Affairs ("VA") hospital in New Orleans, Louisiana. On June 3, 1967, the VA rated plaintiff 50 percent disabled, and he has received VA disability benefits ever since.

In 2009, plaintiff filed a request with the ABCMR, asking that his discharge be changed to a medical retirement resulting from injuries incurred in Vietnam. The ABCMR denied his application for correction of records on December 22, 2009, finding that procedurally there was no reason for plaintiff to have been referred to a Physical Evaluation Board ("PEB") in view of the fact that the MEB had found plaintiff fit for duty. AR 195. Only if he had been found unfit for retention would a PEB have considered Mr. Pillette for a disability retirement. *Id.* The board also found that plaintiff failed to present any evidence that his condition at the time warranted a PEB. Mr. Pillette did not appeal the MEB's decision, and thus the board held that it had no basis upon which to reopen the question decades later. It did not, however deem his request untimely.[1]

---

[1] Applicants to the ABCMR "must file an application within 3 years after an alleged error or injustice is discovered," but, the ABCMR may excuse an untimely filing if it is "in the interest of justice." 32 C.F.R. § 581.3(d)(2) (2016); 10 U.S.C. § 1552(b) (2012). It did so here. AR 194.

Plaintiff filed the present complaint on April 8, 2015. Defendant moved to dismiss on timeliness grounds, arguing that plaintiff was aware of his injuries on the date of his discharge in 1966, did not appeal the MEB decision that he was fit for retention in the army, and signed an affidavit asking for a discharge. All of which indicate to defendant that Mr. Pillette's claim accrued on his date of discharge rather than the date of denial of his application to the ABCMR.

We denied defendant's motion, holding that, under these circumstances, the statute of limitations commenced when Mr. Pillette was denied correction by the ABCMR. Defendant also moved for judgment on the administrative record on the basis that plaintiff did not present any evidence of injuries entitling him to a PEB at the time of discharge. Though plaintiff briefly addressed the alleged inadequacy of the ABCMR's findings in his response to the motion to dismiss, his arguments were not fully fleshed out. Given his *pro se* status, we granted him leave to file a cross-motion for judgment on the administrative record. Now, having received plaintiff's cross-motion and defendant's response, the case is fully briefed and ready for disposition. Oral argument is unnecessary.

## DISCUSSION

When hearing military disability claims, this court must limit its review to the decision of the military review board based on the record and arguments that were before it. *See Russell v. United States*, 106 Fed.Cl. 696, 698 (2012). Under the "ordinary standard of review" for agency actions, our role is to determine, based on the administrative record, if the decision of the board was "arbitrary, capricious, unsupported by substantial evidence, or contrary to law." *Metz v. United States*, 466, F.3d 991, 998 (Fed. Cir. 2006). In order to meet this standard, claimants must present "cogent and clearly convincing evidence" that the board acted in such a manner. *Wronke v. Marsh*, 787 F.2d 1569, 1576 (Fed. Cir. 1986).

In this case, the administrative record consists, in relevant part, of the affidavit signed before the decision of the MEB in 1966, the MEB's decision, the 1967 post-MEB medical report from the VA hospital, the decision of the ABCMR to deny plaintiff's request, and its denials of plaintiff's requests for reconsideration. Upon review, this court's role is not to second guess the

MEB's conclusion 50 years ago, but rather to evaluate whether the decision of the ABCMR was "arbitrary, capricious," unsupported by the evidence in the administrative record, or "contrary to the applicable principles of law." *De Cicco v. United States*, 667 F.2d 66, 70 (Ct. Cl. 1982). Thus, we confine ourselves to the ABCMR's recent denials based on the record and arguments before it.

Plaintiff makes several arguments, most of which concern the affidavit that he signed on July 22, 1966, and the board's treatment of it. The affidavit appears to be a standard form used by the Army to reflect a service member's intent either to stay in the service or be discharged. Plaintiff contends that the board should have read his affidavit to communicate an intent to remain in active duty, not be discharged as the MEB stated was his desire. He bases this on a statement in the affidavit which reflects that plaintiff would be evaluated for separation or retirement for physical disability "if eligible." AR 190 Plaintiff argues that the form guaranteed a consideration of whether he was owed a disability retirement, i.e., a PEB, if he were to be discharged.

We disagree. As the ABCMR noted, a PEB is only convened if the MEB first decides that the soldier has failed the fitness standards necessary to be retained in the military under Army Regulation 635-40. AR 6. The MEB in this case concluded that plaintiff did meet the medical standards necessary to be retained, and thus he remained on active duty until discharged shortly thereafter. A PEB was unnecessary. AR at 23. Plaintiff cites no authority for his argument that the affidavit would guarantee him a PEB, and we are aware of none. A plain reading of it does not lead to such a conclusion. Thus, plaintiff's allegations are insufficient to overcome his burden to show that the ABCMR was arbitrary and capricious and unsupported by substantial evidence.

Plaintiff also argues that the ABCMR failed to acknowledge that the army did not complete his medical care but instead discharged plaintiff and directed him to the VA. If it had, it would have reached a different conclusion as to plaintiff's fitness for duty in 1966, avers plaintiff. As an initial matter, plaintiff did not present this argument in his original request to the ABCMR. It is thus waived as an argument on appeal to this court. *See Doyle v. United States*, 599 F.2d 984, 1000 (Ct. Cl. 1979). In any event, plaintiff has not

shown how that fact calls into question the MEB's conclusion or the ABCMR's affirmance of it.

Lastly, plaintiff points to an alleged inconsistency in the MEB's decision, arguing that the ABCMR overlooked it and was therefore arbitrary in it conclusion. The MEB recommended that Mr. Pillette "be separated from the service which is his desire since he is past his ETS." AR 23. In the next sentence, the MEB assigned Mr. Pillette a mild disability profile for active duty. *Id.* These two statements appear, to plaintiff, to be inconsistent. This portrayal of Mr. Pillette's intent is further contrasted, argues plaintiff, by the affidavit he signed on July 22, 1966, two months before the MEB, indicating he wished to "remain on active duty in the Army beyond the scheduled date of expiration of [his] tour of service." AR 190. Plaintiff proposes that the military officials purposefully submitted the pages of the MEB out of order so that a medical retirement evaluation could be avoided.

These two statements may appear contradictory on the surface, but they are not. The MEB's duty is only to determine whether the soldier is fit for active duty, not whether he should return to active duty. The recommendation in the MEB's report that he be separated from service because he wished to be is not germane to the question actually presented to the MEB, and does not call into question its finding regarding his fitness for duty. As plaintiff himself points out, on its final page, the MEB recommends that Mr. Pillette be "[r]eturned to duty," and directly adjacent to this phrase the word "separate" is crossed out. AR 28. In the MEB report the "purpose of examination" box shows the letters "PEB" crossed out. AR 59. This is all consistent and does not suggest an ill-motive at the time or arbitrary conduct upon review at the board.

CONCLUSION

In sum, plaintiff has not shown that the ABCMR was arbitrary or capricious in rejecting his claim for a disability retirement from the army. Accordingly, plaintiff's motion for judgment on the administrative record is denied. Defendant's motion for judgment on the administrative record is granted. The clerk of court is directed to enter judgment for defendant. No costs.

ERIC G. BRUGGINK
Senior Judge